IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 1:14-CR-015-02** |
| | : | |
| **v.** | : | |
| | : | |
| **ROSE UMANA** | : | |

# M E M O R A N D U M

I.          <u>**Background**</u>[1]

On June 18, 2014, the Grand Jury returned an Indictment charging the defendant with false statements related to health care matters, in violation of 18 U.S.C. § 1035 (Count 1); 31 counts of engaging in monetary transactions with criminally derived property, in violation of 18 U.S.C. § 1957 (Counts 2 -33); and aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count 34).  Prior to the return of the indictment, on January 13, 2014, Magistrate Judge Martin C. Carlson issued four search warrants authorizing law enforcement officers to search property owned by Defendant Rose Umana ("defendant") and seize specified evidence of criminal activity. The warrants were for: (1) residence of Rose Umana at 1202 Summit Way, Mechanicsburg (No. 1:14-MC-026); (2) Vision Healthcare Services, 4113 Linglestown Road, Suite 100 (No. 1:14-MC-027); (3) office occupied by Isaac Udotong, 4113 Linglestown Road (No. 1:14-MC-028); and (4) an apartment in the

---

[1]The background history of this case is taken from the Government's Brief Opposing Motion to Suppress (Doc. 20).

basement of 4113 Linglestown Road (No. 1:14-MC-029).  These warrants were executed on January 14, 2014.

On July 3, 2014, Defendant filed a motion to suppress all evidence received as a result of the execution of the four search warrants (Doc. 16).  The bases alleged for the suppression motion are that (1) the warrants were unconstitutional, general warrants; (2) the warrants were unconstitutionally over-broad; and (3) the manner in which the government executed the warrants was unreasonable.  The Government has filed a response to the motion (Doc. 20).

II.      Discussion

A.      General Warrants and Overly-Broad Warrants

In *United States v. Whitner*, 219 F.3d 289 (3d Cir. 2000), the court held that "a reviewing court may not conduct a de novo review of a magistrate judge's determination of probable cause . . . the district court exercises only a deferential review of the initial probable cause determination made by the magistrate."  *Id.* at 296 (internal citations and quotations omitted).  This court reviewed the affidavit of probable cause and each attachment listing the items to be searched and seized.  Each application specified that the searches were related to violations of 18 U.S.C. §§ 1347 and 1035.  The affidavit was filed by a special agent of the Office of Inspector General of the United States Department of Health and Human Services, who has expertise investigating medical assistance fraud.

The affidavit is a fact-specific, 45 paragraph document.  The facts were obtained from audits, personal observation, and investigation by the affiant, interviews of witnesses, and information from other members of law enforcement.

2

The affidavit cites to numerous types of documents – both personal and business – including computer-generated documents that could support the criminal violations.

For the reasons set forth above, and for the reasons set forth in the Government's response, this court finds that the warrants were neither unconstitutionally general warrants nor overly broad and that the magistrate judge had a substantial basis for concluding that probable cause existed for the issuance of the warrants.

**B.  Reasonableness of Execution of Warrants**

On the issue of the reasonableness of the execution of the warrants, Defendant states, "the search that the investigators and prosecutor have conducted pursuant to the warrants clearly exceeded, and continues to exceed, the bound of probable cause and the reasonableness limitations put in place by the Fourth Amendment . . . ." (Doc. 17 at p. 11.)  Preceding this statement are citations to cases defining reasonableness; however, Defendant does not state how the searches in the instant case exceeded the Fourth Amendment reasonableness test.

Reasonableness of the search can be gleaned from the description of the items seized during each search.  For instance, from the business of Vision Healthcare Services, Inc. on Linglestown Road, there were numerous documents seized – business records, employee records, billing documents, payroll records, patient files, time records, computer images, etc.  All of the documents seized were within the purview of the search warrants and were relevant to the facts presented in the agent's affidavit.  Defendant has failed to show how the seizure of the documents listed in the inventory logs exceed the bounds of probable cause and fails to meet the reasonableness test.

**III.**        <u>**Conclusion**</u>

For the reasons stated above, Defendant's motion to suppress will be denied.  An appropriate order will be issued.


                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated:  August 7, 2014.